UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL C. STONEROAD,                :
                                    :
    Petitioner,                    :
                                    :
  v.                                :     CIVIL NO. 3:16-CV-2202
                                    :
WARDEN DOMINICK DeROSE,             :     (Judge Kosik)
                                    :
    Respondent.                    :

**MEMORANDUM**

**I.  Background**

Daniel Stoneroad filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 wherein he raises challenges to his finding of guilt with respect to charges of driving with a suspended license in violation of 75 Pa. §1543 following a summary trial in front of District Magistrate Judge Gregory D. Johnson on July 13, 2016.  (Doc. 1, Pet.; also see Traffic Docket MJ-12302-TR-0000286-2016.)  He has paid the required $5.00 filing fee.  There is no dispute that the proceedings were held "in absentia" because Petitioner failed to appear, or that a warrant was subsequently issued for his arrest and that he has been in confinement since September 1, 2016.  Petitioner was sentenced on the summary offense to a six (6) month jail term and a monetary fine of $1,179.00. (Doc. 1 at 3.)  He is currently confined at the Dauphin

County Work Release Center. He claims that he should have had an attorney appointed on his behalf and that the summary trial should not have been held in his absence. He raises claims under the Due Process Clause and the Sixth Amendment. For the reasons that follow, the petition will be dismissed without prejudice to any right Stoneroad may have to pursue his claims once the state court has ruled on the appeal he has pending there, and once his claims are exhausted.

## II. Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).[1] See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . ." Allen v. Perini, 424 F.2d 134, 141 (4th Cir.), cert. denied, 400 U.S. 906 (1970); accord Love v. Butler, 952 F.2d 10, 15 (1st Cir.

---

[1] Under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (West Supp.), the Rules governing petitions under 28 U.S.C. § 2254 can be applied to § 2241 petitions.

2

1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). From a careful review of the petition, it is clear that Stoneroad is challenging his confinement and seeks to be released from the Work Release Center. However, it is also clear that he has appealed his finding of guilt in absentia with the Dauphin County Court of Common Pleas, and that the matter is currently pending before said court. While Petitioner believes that the court is not moving fast enough for his liking, there is no doubt that he filed a Nunc Pro Tunc Request for a Sentence Reduction or a New Trial or Notice of Appeal. (See CP-22-MD-0001544-2016.) Petitioner currently has a case pending on the state court's docket and there is no indication at this point that the matter has been decided by the county court or appealed to a higher state court. In fact, according to the docket in the pending state court case, the Commonwealth filed

a response to Petitioner's request on October 21, 2016. On October 27, 2016, Petitioner moved for counsel in said matter. As such, this court must abstain from any involvement in Petitioner's guilty finding by the magisterial court at this juncture.

It is established that a state proceeding is the predicate to abstention in federal court whether in the civil, administrative or criminal context. Z&R Cab, LLC v. Phila. Parking Auth., 22 F.Supp.3d 509 (E.D. Pa. 2014.) District courts must abstain from exercising jurisdiction over a particular claim where the resolution of that claim in federal court would offend comity by interfering with an ongoing state proceeding. Abstention is appropriate where (1) there are ongoing state proceedings that are judicial in nature, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal claims. See Lazaridis v. Wehner, 591 F.3d 666 (3d Cir. 2010).

In the instant case, there is no doubt that Petitioner is attempting to pursue his claims, as presented herein, in the Dauphin County Court of Common Pleas and that the claims are currently pending there. A response to Petitioner's filing has recently been filed by the Commonwealth. Consequently, the petition will be denied on said basis at this time.[2] An appropriate Order follows.

---

[2] While the court will not devote the time to the issue herein, a petitioner in a habeas corpus matter filed pursuant to 28 U.S.C. § 2254 is also required to exhaust their available state court remedies prior to filing a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(A); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000); see also O'Sullivan v. O'Boerckel, 526 U.S. 838, 845 (1999).